# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff, | : | Case No. 3:08cr00101 |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| HENRY P. ESCHENFELDER | : | |
| Defendant. | : | |

# DECISION AND ENTRY

This matter comes before the Court pursuant to Defendant's Motion to Dismiss (Doc. # 6), the Government's Response (Doc # 7), and the record as a whole. Defendant contends that he has been denied his constitutional right to a speedy trial. He also contends his case has not proceeded to trial within 70 days of his consent to the Magistrate Judge, and the case must be dismissed under the Speedy Trial Act, 18 U.S.C. §3161, *et seq*.

Defendant was charged with theft under 18 U.S.C. §641 in relation to an incident that occurred on April 23, 2008 on federal property at the Army and Air Force Exchange Service. The Government presented an Information charging Defendant with theft in open court on July 17, 2008. A summons was issued by the court ordering Defendant to appear in court regarding the charge against him on August 20, 2008. Defendant appeared with counsel on August 20, 2008 where he was arraigned. At this same hearing,

Defendant consented to be tried in front of the Magistrate Judge. (Doc # 6, ¶1).

At Defendant's arraignment, a pretrial conference was scheduled for October 15, 2008, which was then pushed back to December 3, 2008. On December 3, 2008, a trial date was set for February 11, 2009. Counsel for Defendant filed the Motion to Dismiss on February 3, 2008, and the Government filed its Response on February 12, 2009. Trial has been postponed pending this Order.

The Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, applies to the present case. The Speedy Trial Act requires that when a defendant pleads not guilty to an offense, "the trial of a defendant charged in an information. . .with the commission of an offense shall commence within seventy days. . .from the date the defendant has appeared before a judicial officer of the court in which such charge is pending." 18 U.S.C. §3161(c)(1). A trial must also commence within a seventy-day period if the defendant consented to be tried in front of a United States Magistrate Judge. *Id.* If the Speedy Trial Act's seventy-day limit is violated, the charges must be dismissed on defendant's motion. 18 U.S.C. § 3162(a)(2).

The Speedy Trial Act includes certain tolling events – e.g., delay caused by proceedings to determine the defendant's mental competency; delay caused by certain deferral of prosecutions; delay caused by trial of other charges against the defendant; etc., *see* 18 U.S.C. §3161(h) – thus permitting some delay in the commencement of trial. However, none of the tolling events listed in §3161(h) apply to the case at hand.

Defendant contends that the speedy trial clock started on August 20, 2008 pursuant

to §3161 when he consented to proceedings and trial before the Magistrate Judge. This contention is correct under §3161(c)(1). Although time was tolled when Defendant filed his Motion to Dismiss, by that time the seventy-day period had long since expired. In response, the Government points to the factors set forth in *Barker v. Wingo*, 407 U.S. 514 (1972) for analyzing violations of the Sixth Amendment right to a speedy trial. Yet, because Defendant has established a violation of the Speedy Trial Act, the statute itself mandates dismissal of this case and a further evaluation of the *Barker* factors becomes unnecessary. *See* 18 U.S.C. § 3162(a)(2) ("If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment <u>shall be dismissed</u> on motion of the defendant." (emphasis added)). Since the case is subject to dismissal under the Speedy Trial Act, the parties' remaining arguments need not be addressed.

Accordingly, Defendant's Motion to Dismiss (Doc. #6) is **GRANTED** and the instant case is dismissed pursuant to 18 U.S.C. §3162(a)(2).


August 7, 2009                                             s/Sharon L. Ovington
                                                          Sharon L. Ovington
                                                       United States Magistrate Judge


3